IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-19-0558 |
| MICHAEL GODSEY JONES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Michael Godsey Jones' Motion for Compassionate Release. (ECF No. 46, as supplemented by ECF No. 50.) For the following reasons, the Motion will be denied.

### I. Factual and Procedural History

Jones pleaded guilty to Count Two of the Criminal Information, which charged him with Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (f). (*See* ECF No. 42.) On March 16, 2019, he entered a credit union in Baltimore and passed a note to a teller demanding money and threatening harm to the tellers if they did not comply. (ECF No. 25 (Jones' Sentencing Memorandum).) He also "accepted responsibility for a role in [a] June 12, 2019 bank robbery utilizing a hand-written note, a failed March 19, 2019 attempted bank robbery also using a note, and the July 24, 2019 robbery of a Dollar General store in Baltimore using an air pistol that resembled a handgun." (*Id.*) Jones was sentenced to 120 months' imprisonment. (ECF No. 44.)

### II. Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." In

assessing a motion for compassionate release, the Court can "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original) (citation and quotations omitted).

### III. Analysis

#### a. Extraordinary and Compelling Reasons

In his pending Motion, Jones provides several arguments in support of his claim that he has established extraordinary and compelling reasons justifying his release. In short, the Court does not find that the arguments he provides amount to extraordinary and compelling reasons justifying his release.

Jones explains that he has several medical conditions, including high blood pressure, high cholesterol, liver disease, a deformity of the right ankle, pain in his chest from a bullet wound he sustained in 1999, and pain in his leg from a bullet wound he sustained in 1999. (ECF No. 46 at 3–4.) He explains that BOP is not giving him certain pain medication he had previously been prescribed (instead giving him a different medication). (*Id.* at 4.) Jones also explains that, while he was incarcerated at USP Victorville, he was "assaulted and stabbed twice by unknown inmates or inmate at that institution." (*Id.*) He explains that he was left, after surgery, with a large open wound, and that from November 7, 2022 through March 17, 2023, he "did not receive any after-care treatment for his open wound despite the fact that he submitted countless emergency sick call request[s] requesting to be seen for [his] wound." (*Id.* at 5.) He explains that he "requested to see a doctor for his chronic illnesses because while at Victorville USP [he had] not been seen at all by any medical staff nor doctor for his chronic care issues" despite his requests to be seen. (*Id.* at 5–6.)

Jones includes many other facts that he argues provide extraordinary and compelling reasons warranting his release, such as: he has changed for the better and has been involved in various programs in prison (*id.* at 6, 11); he has lost his parents, who provided him with a loving upbringing (*id.* at 8); he wishes to spend time with his family and begin a new life (*id.* at 10); and he suffered traumatic events in his childhood (*id.* at 8–9), among other reasons.

In short, the reasons Jones provides do not present extraordinary and compelling reasons warranting his release. The medical conditions he describes are not so extraordinary that they warrant early release. *See, e.g.*, USSG § 1B1.13(b)(3) (explaining that extraordinary and compelling reasons exist where the defendant is suffering from a terminal illness or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). Moreover, to the extent that he complains of his treatment at USP Victorville, he is no longer incarcerated there. (*See* ECF No. 46-1 (indicating that he is incarcerated at USP Canaan).)

The familial and personal reasons he provides likewise do not warrant his release. While the Court is heartened to hear of Jones's rehabilitation and of the familial support he is receiving, these events on their own do not cause the Court to conclude that he has presented extraordinary and compelling reasons justifying his release. *See, e.g., United States v. McGurk*, Crim. No. 02-00190-FDW, 2023 WL 4939385, at *4 (W.D.N.C. Aug. 2, 2023) ("Defendant's record of rehabilitation, verified release plan, and family support do not establish extraordinary and compelling reasons supporting a sentence reduction.").

### b. 18 U.S.C. § 3553(a) Factors

Even if Jones had established an extraordinary and compelling reason for purposes of this Motion, the 18 U.S.C. § 3553(a) factors do not favor his release. Section 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentence and the sentencing range; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

At sentencing, the Court concluded—in consideration of the § 3553(a) factors—that 120 months (a downward variance from the guidelines range) was the appropriate sentence. With respect to Jones' history and characteristics, the Court explained at that time that it "t[ook] seriously . . . the defendant's upbringing, his early drug addiction, his experiences of parental abandonment and his life really in the kind of washing machine that this city can be for people who lack support early on." (ECF No. 38 at 45.) With respect to the nature and circumstances of the offense, the Court concluded that, although Jones used an air pistol, "the aggressiveness of the notes that he wrote . . . achiev[ed] the same terror and compliance with his victims that armed robbers achieve" and that "[b]eing robbed and believing that your life might end at that moment is . . . to inflict a grievous[,] serious emotional, mental injury on another human being." (*Id.* at 46.) The Court explained that "the crime to which [Jones] specifically pled guilty [is] an extremely serious one." (*Id.* at 46–47.) The Court found a need for deterrence—both specific and general. (*Id.* at 47.) The Court also found a need to protect the public. (*Id.* at 48.)

4

Nothing in Jones' submission causes the Court to conclude differently now. The same reasoning that animated the Court at sentencing in 2020 animates the Court's conclusion today that 120 months remains the sentence that is sufficient but not greater than necessary to comply with the purposes of § 3553(a).

**IV.   Conclusion**

Accordingly, it is ORDERED that Jones's Motion (ECF No. 46) is DENIED.

DATED this __21__ day of January, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge